Gary A. **CLINTON**, Plaintiff,

v.

**MUNICIPAL COURT OF GIRARD** et al.,
Defendants.

**Civ. A. No. C 73–202 Y.**

United States District Court,
N. D. Ohio, E. D.

March 27, 1973.

Thomas P. Lordeon, Robert M. Clyde, Jr., Youngstown, Ohio, for plaintiff.

J. Walter Dragelevich, Pros. Atty., Wm. G. Cauffield, Asst. Pros. Atty., Trumbull County, for defendants.

## MEMORANDUM OPINION AND ORDER

CONTIE, District Judge.

This is an action for declaratory and injunctive relief.

Plaintiff was arrested on September 11, 1972, and thereafter indicted by the Trumbull County, Ohio Grand Jury on December 4, 1972. The charge against him was the violation of ORC § 2901.12 (robbery). On September 22, 1972, plaintiff was brought before the Girard Municipal Court on the robbery charge for a preliminary hearing, at which time plaintiff requested that counsel be appointed, but was informed by the Girard Court that said court did not have the authority to appoint counsel for him. An attorney did talk with plaintiff on this date and advised plaintiff to waive the preliminary hearing. This attorney turned out to be the Prosecutor for the Girard Municipal Court. Plaintiff was arraigned without counsel on December 8, 1972, and entered a plea of not guilty.

Plaintiff brings this instant action alleging that the above-described conduct of the defendants has deprived him of his constitutionally protected rights, including right to counsel through every critical stage of his criminal prosecution and right not to be deprived of life, liberty, or property without due process and the right of equal protection under the law. Plaintiff has also attacked the constitutionality of ORC § 2939.02 which provides for the selection of the Grand Jury and its foreman.

This Court has been requested to enjoin the practices of defendants in which

they refuse to advise indigents that they are entitled to counsel at their preliminary hearing, refuse to appoint counsel at the critical stages of the criminal prosecution when requested by indigents, conduct preliminary hearing in the absence of counsel for the accused, and to convene a three-judge panel to declare ORC § 2939.02 unconstitutional

On March 7, 1973, this Court requested the appointment of a three-judge panel, said panel to convene and determine plaintiff's claim as to the unconstitutionality of $2939.02. Said panel was designated on March 12, 1973.

In regards to plaintiff's other claims, this Court issued a temporary restraining order on March 2, 1973, restraining defendants from prosecuting, hearing or proceeding in any manner whatsoever against plaintiff. A hearing was held on March 2, 1973, at which time the Court took evidence as to the allegations asserted by the plaintiff.

The following shall constitute this Court's findings of fact and conclusions of law as to all issues except plaintiff's assertion that ORC § 2939.02 is unconstitutional.

■■ The law in this area is basically controlled by the Supreme Court's decision in Coleman v. Alabama, 399 U. S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, wherein a preliminary hearing in an Alabama prosecution was held to be a critical stage of that state's criminal process at which an accused is entitled to counsel. In the Ohio case of State v. Simones, 27 Ohio App.2d 9, 272 N.E.2d 146, the Ohio Court of Appeals for Marion County, said:

"It is apparent from a reading of the Coleman case that the preliminary hearing procedure in Ohio is much like that in Alabama and that the preliminary hearing, as such, in Ohio is, therefore, a critical stage of Ohio's criminal process at which the accused is entitled to counsel." State v. Simones, supra, at p. 12, 272 N.E.2d at p. 149.

This Court, therefore, has no question but that Coleman v. Alabama, *supra,* is applicable to the issues raised by plaintiff in the instant case.

The evidence at the hearing, which defendants did not refute, illustrates that plaintiff stated at the hearing of September 23, 1972, that he was without resources and that he requested that an attorney be appointed for him. The evidence also illustrated that after this, the prosecutor of the Municipal Court approached plaintiff, indicated he was an attorney and suggested that plaintiff waive his preliminary hearing. Plaintiff testified that at that point in time he was unaware that the attorney to whom he was talking was the prosecuting attorney for the Court.

■ However, this Court also finds that plaintiff introduced no evidence, nor was any evidence received which illustrated that because of the defendant's failure to appoint counsel for him, he was prejudiced in any way or manner. This Court is of the opinion that a close reading of the *Coleman* case indicates that there must be such a showing of prejudice by a party because of the failure to appoint counsel before relief can be granted. In *Coleman* the Supreme Court stated:

". . . on the record it cannot be said whether or not petitioners were otherwise prejudiced by the absence of counsel at the preliminary hearing . . . The test to be applied is whether the denial of counsel at the preliminary hearing was harmless error under Chapman v. Calif., 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705] (1967). See United States v. Wade, 388 U.S. [218] at 242 [87 S.Ct. 1926 at 1940, 18 L.Ed.2d 1149] (1967)." *Coleman,* supra.

Coleman's conviction was vacated, and the case remanded to determine whether or not the denial of counsel was harmless error, and thereafter to either reinstate the conviction or to order a new trial.

The defendants in *Coleman* had been refused counsel, tried and convicted. Thereafter they took the action to the Supreme Court, and that Court vacated their sentence and remanded the cause of action to the state courts to find if any prejudice had resulted from the denial of counsel at their preliminary hearings. In the *Coleman* case the Supreme Court stated that a court's primary concern in criminal proceedings is that of insuring a defendant a fair trial.

Plaintiff's counsel relies heavily on the language of Mr. Justice Brennan, when he states:

"Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail." *Coleman,* 399 U.S. at 9, 90 S.Ct. at 2003.

This language is a strong indication that mere denial of counsel at the preliminary hearing, per se, is prejudicial. However, this court notes that in spite of this rather forceful language, the Supreme Court did not find that denial of counsel at the preliminary hearing was prejudicial per se. The holding of *Coleman* was that a determination as to whether denial of counsel at the preliminary hearing stage, in a case involving a defendant who has already been tried, was or was not prejudicial must be made by the state court.

This Court cannot agree with plaintiff's argument that denial of counsel in the instant case is prejudicial per se and that plaintiff's indictment must be vacated and plaintiff sent back for a preliminary hearing with counsel appointed. Plaintiff, as stated above, has failed to produce any evidence which might lead this court to believe that his rights, and thus the fairness of his proceedings, have in any way been prejudiced. This Court cannot in good conscience, and in following the dictates of *Coleman,* vacate the State Court's proceedings.

Plaintiff also cites the case of Conley v. Dauer, 463 F.2d 63 (C.C.A.3 1972) cert. den. 1972, 409 U.S. 1049, 93 S.Ct. 521, 34 L.Ed.2d 501, as authority for his position. While this Court agrees that said case stands for the proposition that the *Coleman* decision requires that counsel be provided for all indigents at their preliminary hearing in all criminal proceedings, this Court is of the opinion that the relief granted in each case is peculiar and unique to the facts presented to the court. In our holding, we, too, require that counsel be appointed to all indigents at their preliminary hearing. However, the state court's failure to appoint counsel raises the issue of the relief entitled to an indigent upon a failure to do so. This Court has no doubt but that the remedy fashioned by the court in *Conley* was just and proper under the facts therein presented.

However, under the facts of the instant case, and under this Court's interpretation of the *Coleman* decision, we decline to fashion the relief to be granted in this action after the relief granted in *Conley.*

This Court wishes to emphasize that it does not condone the actions of the Girard Municipal Court. The language of *Coleman* demands that a defendant have the guiding hand of counsel at ev-

ery critical stage of his state court criminal proceedings. If the plaintiff in this action had been able to offer any substantial proof of how his rights were actually prejudiced by the failure of the state court to appoint counsel for him at his preliminary hearing, an entirely different situation would be before the court.

This Court, in fashioning a remedy consistent with the holding of the Supreme Court in the *Coleman* case, holds that if a person has been denied counsel at a preliminary hearing and has not yet been tried, that person must prove actual prejudice before a federal court can grant him relief. He must illustrate to the court's satisfaction exactly how and in what manner his rights have been so prejudiced. It is our opinion that the evidence as presented at the hearing on March 2, 1973, illustrates that the fairness of plaintiff's criminal prosecution has not been prejudiced.

In our ruling today we have outlined our opinion of the law in this area in an attempt to insure that any defendant in a criminal proceeding will be treated in such a manner so as to insure his right to a fair trial and also to insure the orderly and fair administration of justice in state courts.

Therefore, this Court finds that the failure of the Girard Municipal Court to provide plaintiff with counsel at his preliminary hearing was a violation of the Sixth and Fourteenth Amendments to the Constitution of the United States.

Further, the Court finds, in following the dictates of *Coleman*, that the failure to appoint counsel was, in this case and under the facts as presented to this court, harmless error.

The Temporary Restraining Order heretofore issued is hereby dissolved. This cause is remanded to the state courts for proceedings not inconsistent with the opinion expressed above.

It is so ordered.