The STATE of Ohio, Appellee,

v.

MORRIS, Appellant.

[Cite as *State v. Morris* (2001), 143 Ohio App.3d 817.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–212.

Decided Jan. 11, 2001.

*Ron O'Brien,* Franklin County Prosecuting Attorney, and *Scott M. Forehand,* Assistant Prosecuting Attorney, for appellee.

*Moore, Yaklevch & Mauger* and *W. Jeffrey Moore; Richard E. Graham,* for appellant.

LAZARUS, Judge.

Defendant-appellant, Dawo Z. Morris, appeals from the judgment of the Franklin County Court of Common Pleas convicting him of one count of theft (R.C. 2913.02), a felony of the third degree, and three counts of forgery (R.C. 2913.31), all felonies of the fourth degree. All the counts related to appellant's employment from July 1993 through November 1995 with a company known as Tooltex. After appellant left the employ of Tooltex, the owner became suspicious that funds had been mishandled and referred the matter to the Columbus Police Department. At trial, the prosecution presented evidence that thirty-three checks payable to or from Tooltex had been deposited in appellant's personal bank account. The checks totaled $54,352.54.

On October 18, 1999, a jury convicted appellant on all counts. In a judgment entry dated December 23, 1999, the trial court sentenced appellant to one and one-half years' imprisonment on the theft count and eighteen months' imprisonment on each of the forgery counts, with all counts to run consecutively. The trial court then suspended the sentences of imprisonment and placed appellant on work release for a period of twelve months and probation for a period of five years. The trial court also ordered appellant to pay restitution in the amount of $58,365 to the victim, Tooltex.

On February 24, 2000, appellant filed a motion for leave to file a delayed appeal, which this court granted on April 20, 2000. Appellant now raises the following assignments of error:

First Assignment of Error

"The order of restitution by the trial court violated due process of law under the Constitutions of the United States and the State of Ohio."

Second Assignment of Error

"One of appellant's convictions for forgery and the amount of restitution ordered by the trial court violated due process of law under the Constitutions of the United States and the State of Ohio."

In his first assignment of error, appellant argues that the trial court lacked statutory authority to order restitution in this case. The actions for which appellant was convicted occurred before July 1, 1996, the effective date of Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136. Appellant, however, was indicted, prosecuted, and convicted after that date. Therefore, appellant contends that the restitution provisions contained in Am.Sub.S.B. No. 2 should govern the sentencing court's authority to order appellant to pay restitution.

Under the provisions of Am.Sub.S.B. No. 2 in effect at the time of appellant's conviction, restitution was a statutorily valid sanction only to compensate victims for crimes that posed a threat of personal injury or death. See R.C. 2929.18; 2929.01(N); 2929.01(G); 2743.51(C); *State v. Kimmle* (Dec. 21, 1999), Franklin App. No. 99AP–435, unreported, 1999 WL 1221523.[1] Since appellant's conduct posed no threat of personal injury or death to his former employer, he argues that the trial court could not order restitution in his case.

The state responds that, because appellant committed his crimes prior to July 1, 1996, he is bound by the sentencing provisions in effect prior to Am.Sub.S.B. No. 2. In *State v. Rush* (1998), 83 Ohio St.3d 53, 697 N.E.2d 634, paragraph two of the syllabus, the Ohio Supreme Court held that "[t]he amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996."

Appellant attempts to distinguish *Rush* on the basis that the defendants in *Rush* had all been indicted and prosecuted prior to July 1, 1996. Thus, appellant contends that *Rush* did not answer the question of what provisions should apply in cases where a crime was committed prior to July 1, 1996, but the defendant was not indicted or prosecuted until after that date.

The state responds that appellant's attempt to distinguish *Rush* is without merit, as the plain language of paragraph two of the syllabus in *Rush* controls which sentencing provisions apply only to appellant's crimes. We agree.

The courts of appeals in Ohio are bound by syllabus law from the Ohio Supreme Court. See Rule 1(B) of the Supreme Court Rules for the Reporting of Opinions; *World Diamond, Inc. v. Hyatt Corp.* (1997), 121 Ohio App.3d 297, 306, 699 N.E.2d 980, 985–986. ("The syllabus of an opinion issued by the Supreme Court is the law of the case, and all lower courts are bound to adhere to the

---

1. Former R.C. 2929.01(N) has since been amended to delete the "criminally injurious conduct" language from the definition of "economic loss." See R.C. 2929.01(M).

principles set forth therein. * * * All trial courts and intermediate courts of appeals are charged with accepting and enforcing the law as promulgated by the Supreme Court and are bound by and must follow the Supreme Court's decisions. * * * The body of the opinion is considered dictum."). Therefore, we are bound by the specific language of the syllabus in *Rush, supra,* to apply the law in effect prior to Am.Sub.S.B. No. 2.

At the time appellant committed these crimes, R.C. 2929.11(E) controlled the imposition of restitution. That statute provided:

"The court * * * may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of * * * the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed. * * *"

Under this provision, the trial court had the authority to impose restitution for the value of the misappropriated funds. Appellant's first assignment of error is not well taken.

■ Having established that an order of restitution could be imposed upon appellant, we must next address the second assignment of error in which the issue is whether the trial court's restitution order was supported by sufficient evidence.

At trial, the state submitted Exhibit 27, a summary of the thirty-three checks appellant misappropriated. This exhibit was admitted without objection by the defense. The sum of the checks listed on State's Exhibit 27 is $54,352.54. Thus, $54,352.54 of the trial court's restitution order is supported by competent credible evidence. However, the amount of restitution ordered by the trial court, $58,365, does not correspond with the sum of the checks listed in State's Exhibit 27, a fact that even the state acknowledges. There is a discrepancy of $4,012.46.

The state contends that the sums of money from the three checks that appellant was found to have forged may be added to the sum of the checks listed in State's Exhibit 27. The sum of those checks is $4,353.70. Assuming for the moment that the trial court was permitted to add the sum of those checks to the total of State's Exhibit 27, the figures do not add up. Moreover, the record appears to support only $54,352.54 in actual losses, because the three checks appellant was found to have forged were already included in State's Exhibit 27. While R.C. 2929.11(E) permits a trial court to impose restitution in an amount less than the actual losses suffered, we find no support to the state's contention that the trial court is authorized to impose restitution in an amount greater than the value of the property that was stolen. Therefore, we remand the case to the trial court to modify the trial court's order of restitution from $58,365 to $54,352.54.

■ In his second assignment of error, appellant also argues that there was insufficient evidence from which the jury could find beyond a reasonable doubt that appellant forged the endorsement written on check number 1116 in the amount of $289.22. In the other two forgery counts, Paul Spurgeon, former president of Tooltex, identified appellant's handwriting on the back of each check. Spurgeon was unable, however, to identify appellant's handwriting on the back of check number 1116.

■ The elements of forgery require that appellant forge a writing so that it appears genuine. *State v. Jessee* (Sept. 28, 2000), Franklin App. No. 00AP–40, unreported, 2000 WL 1455475. R.C. 2913.31(A) provides that the elements of forgery are as follows:

"No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:

"(1) Forge any writing of another without the other person's authority;

"(2) Forge any writing so that it purports to be genuine when actually is spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what in fact was the case, or to be a copy of an original when no such original existed;

"(3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged."

The trial court instructed the jury, in part, as follows:

"* * * BEFORE YOU CAN FIND THE DEFENDANT GUILTY OF FORGERY, YOU MUST FIND BEYOND A REASONABLE DOUBT THAT ON OR ABOUT THE 21ST DAY OF DECEMBER—OF SEPTEMBER, I'M SORRY, AND IN 1995, AND IN FRANKLIN COUNTY, OHIO, THE DEFENDANT DID FORGE A WRITING, TO WIT: THE ENDORSEMENT ON CHECK 1116, DRAWN ON THE ACCOUNT OF TOOLTEX, WITH PURPOSE TO DEFRAUD OR KNOWING THAT HE WAS FACILITATING A FRAUD SO THAT THE ENDORSEMENT PURPORTED OR APPEARED TO BE GENUINE WHEN IT ACTUALLY WAS SPURIOUS OR FALSE." (Tr. 420–421.)

The state argues that there was sufficient circumstantial evidence from which the jury could infer that appellant forged the endorsement on the back of check number 1116. First, the state notes that, although Paul Spurgeon was unable to identify the handwriting on the endorsement on check number 1116, Spurgeon was able to identify appellant's handwriting on many other checks. Second, the state points out that there was evidence that appellant had forged at least two other checks. Third, the state argues that there could be no other reasonable explanation for check number 1116 passing through appellant's personal bank

account. Finally, the state points out that, during appellant's employment, many vendors claimed that they had not been paid, even though appellant insisted that they had.

None of this evidence is sufficient to sustain appellant's conviction on Count 3 of the indictment. Proof beyond a reasonable doubt as to each element of an offense is required before a trier of fact may make a finding of guilt. R.C. 2901.05(A). Here, the fact that the check passed through appellant's personal checking account is relevant to the theft count because it is evidence that appellant exerted control over the sum of money. However, it is not evidence that appellant forged the back of check number 1116 as was alleged in the indictment. The state cites *State v. Simones* (1971), 27 Ohio App.2d 9, 56 O.O.2d 198, 272 N.E.2d 146, for the proposition that positive identification of a defendant's handwriting is unnecessary to sustain a forgery conviction. *Simones* is inapposite, however, because in that case, it was undisputed that the two checks in question contained forged signatures of the makers and that the defendant had uttered the checks. The issue in *Simones* was whether the defendant had knowledge that the endorsements were forged.

Based on our review of the entire record, we find that there was insufficient evidence in the record to sustain appellant's conviction on Count 3 of the indictment, as there was no evidence in the record from which a rational factfinder could have found beyond a reasonable doubt that appellant forged the endorsement on the back of check number 1116. The second assignment of error is well taken.

Based on the foregoing, appellant's first assignment of error is overruled, the second assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and the matter is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and KENNEDY, JJ., concur.