OPINION
Donald Morton, defendant-appellant, appeals from the judgments of the Franklin County Court of Common Pleas in three separate cases that are consolidated for the purpose of review.
On July 15, 1999, appellant entered a guilty plea to receiving stolen property, in violation of R.C. 2913.51, a felony of the fourth degree.[1]
The guilty plea related his possession, on March 18, 1999, of a motor vehicle that belonged to Budget Rental Car and had been taken from the owner under a fraudulent rental contract. In consideration of the guilty plea and the request of the prosecutor, the court entered a nolle prosequi on the additional charges of theft and forgery that arose from the same sequence of events. On September 28, 1999, appellant was sentenced to a term of seventeen months at the Ohio Department of Rehabilitation and Correction, to be served concurrently with a misdemeanor conviction in another case, not subject of this appeal. The court also ordered appellant to make restitution to Budget Rental Car in the amount of $870.
The court granted appellant's Motion for Judicial Release in the receiving stolen property case on February 28, 2000. The prosecution did not oppose the motion. Further, execution of the seventeen-month sentence was suspended and appellant was placed on probation for a period of five years. In addition to general conditions of probation, the following special conditions were imposed: undergo intensive supervision; complete restitution to Budget Rental Car; pay court costs; perform eighty hours of community service; maintain verifiable employment and a verifiable address; complete a drug and alcohol assessment, as well as treatment and aftercare, if recommended; participate in random urine screens; and commit no new violations of law. A condition to pay child support, as ordered by the Franklin County Child Support Enforcement Agency, was added by an entry journalized on May 22, 2000.
On October 17, 2000, appellant entered a guilty plea to one count of forgery, in violation of R.C. 2913.31, a felony of the fifth degree.[2]
This guilty plea related to his attempt, on December 23, 1998, to pass a counterfeit check, drawn on the Huntington National Bank account of Act-I Temporaries, Inc., payable to Donald M. Morton. In consideration of this guilty plea, at the request of the prosecutor, the court entered a nolle prosequi on another forgery charge and two counts of possession of criminal tools, the two counterfeit checks. Immediately after accepting appellant's guilty plea to forgery, the court imposed a five-year period of community control to run consecutive to the probationary period ordered when judicial release was granted on the receiving stolen property conviction. The conditions of community control were essentially the same as the conditions of probation applicable under the previous conviction, except that the court ordered restitution to Huntington National Bank in the amount of $790, and required appellant to perform an additional eighty hours of community service.
While subject to community control, appellant was arrested in connection with the theft of merchandise from a Kroger store on January 1, 2001. He was subsequently indicted on one count of theft, in violation of R.C. 2913.02, a felony of the fifth degree.[3] Based upon the new indictment and other specified violations of the conditions of his probation in the receiving stolen property case and the community control sanctions in the forgery case, the probation department asked the trial court to revoke community control. The court scheduled the first hearing on that request on February 26, 2001, at which time appellant stipulated probable cause in both cases. A final hearing was set for the same date as the trial in the Kroger theft case on March 26, 2001.
Appellant entered a guilty plea to theft and stipulated the community control violations in the other cases. In separate sentencing entries, the court revoked probation on the receiving stolen property conviction, re-sentenced appellant on the forgery conviction and imposed sentence on the guilty plea to theft. The court ordered appellant to serve the balance of his seventeen-month sentence for receiving stolen property and imposed sentences of eleven months each at the Ohio Department of Rehabilitation and Correction for the forgery and theft offenses. The court ordered all three terms of incarceration to be served consecutively. Financial sanctions were also imposed, including: payment of court costs in the receiving stolen property case;[4] restitution in a remaining balance to Budget Rental Car of $730; and restitution to Huntington National Bank in an amount still owed of $750.[5]
On appeal, appellant presents the following assignments of error challenging the sentences imposed by the trial court:
FIRST ASSIGNMENT OF ERROR:
 The sentence imposed by the trial court was contrary to the sentencing criteria contained in R.C. 2929.14(E).
SECOND ASSIGNMENT OF ERROR:
 The trial court made erroneous findings as to the factors supporting consecutive terms of imprisonment.
THIRD ASSIGNMENT OF ERROR:
 The trial court erred in ordering restitution in the absence of proof that Appellant's offenses posed a threat of personal injury or death to another.
In response to the first and second assignments of error, appellee concedes that the trial court failed to make the requisite findings to support the imposition of consecutive sentences. While the trial court has broad discretion when sentencing within the statutory limits provided, it must express findings on the record that give its reasons for selecting the sentences imposed and it must identify specific reasons to support the imposition of consecutive prison terms. State v. Norvett (Dec. 31, 2001), Franklin App. No. 01AP-572, unreported, at 2-4; and State v. Johnson (Jan. 30, 2001), Franklin App. No. 00AP-428, unreported, at 24. As appellee concedes, the requisite findings do not appear in the records of these cases and, therefore, the first and second assignments of error are sustained.
In considering appellant's third assignment of error, we must look to the statutes in effect on the dates of the respective offenses to decide if the imposition of restitution as a financial sanction was within the trial court's statutory authority. See State v. Morris (2001),143 Ohio App.3d 817, 820. The receiving stolen property offense, with respect to which the court ordered restitution to Budget Rental Car, was committed on March 18, 1999. The forgery offense for which the court ordered restitution to Huntington National Bank occurred on December 23, 1998.
At the time of both offenses, a sentencing court could require payment of restitution "by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." R.C. 2929.18(A)(1). "Economic loss" was defined on the date of each offense as "any economic detriment suffered by a victim as a result of criminally injurious conduct." R.C. 2929.01(N). "Criminally injurious conduct" meant "any conduct of the type that is described in division (C)(1) or (2) of section 2743.51 of the Revised Code." R.C. 2929.01(G). The section referred to defined "[c]riminally injurious conduct" to mean "any conduct that * * * poses a substantial threat of personal injury or death." R.C. 2743.51(C)(1).
Each of the offenses to which appellant entered a guilty plea was an offense against property involving theft or fraud. There is no evidence in the record to show that appellant's conduct posed a threat of personal injury or death. Therefore, his conduct was not "criminally injurious conduct," as defined above. Effective March 23, 2000, the statutory provisions relating to a sentencing court's authority to order restitution as a financial sanction were amended so as to change the definition of "economic loss" to mean "any economic detriment suffered by a victim as a result of the commission of a felony." R.C. 2929.01(M). Nonetheless, that amendment does not apply to offenses committed within the time frame of those to which appellant entered his pleas of guilty.
We have consistently held with respect to offenses committed prior to the effective date of the statutory change in the definition of "economic loss," that the imposition of a restitution order as a financial sanction in sentencing was limited to crimes involving violence or the threat of violence. State v. Baire (Oct. 11, 2001), Franklin App. No. 01AP-309, unreported, at 14-15; citing State v. Ward (1999), 135 Ohio App.3d 76,80-81. Absent any indication that appellant's conduct posed a threat of personal injury or death, the trial court lacked the authority to require restitution to either Budget Car Rental or Huntington National Bank as part of the sentences imposed herein. State v. Yarborough (Oct. 17, 2000), Franklin App. No. 00AP-242, unreported, at 7; State v. Hooks (2000), 135 Ohio App.3d 746, 750; and State v. Kimmle (Dec. 21, 1999), Franklin App. No. 99AP-435, unreported, at 4-5. Accordingly, appellant's third assignment of error is sustained.
Having sustained all three assignments of error, the judgments of the Franklin County Court of Common Pleas are reversed and these cases are remanded for re-sentencing consistent with this opinion.
Judgments reversed and causes remanded.
BRYANT and LAZARUS, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Franklin County Common Pleas Court Case No. 99CR05-2735; Tenth District Court of Appeals Case No. 01AP-486.
[2] Franklin County Common Pleas Court Case No. 00CR07-3946; Tenth District Court of Appeals Case No. 01AP-488.
[3] Franklin County Common Pleas Court Case No. 01CR02-770; Tenth District Court of Appeals Case No. 01AP-487.
[4] Although the sentencing entry in Franklin County Common Pleas Court Case No. 00CR07-3946 details a priority of distribution of monies received that includes payment of court costs, the trial court set the amount of court costs to be paid at zero dollars. In Franklin County Common Pleas Court Case No. 01CR02-770, the trial court ordered no financial sanctions.
[5] The sentencing entry in Franklin County Common Pleas Court Case No. 00CR07-3946 states a total amount owed of $790, but the statement of violations filed by the probation department indicates a payment of $40 was made toward satisfying the obligation.