JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant William Bewley (appellant) appeals from the trial court's decision accepting his guilty plea, denying his motion to withdraw guilty plea, and sentencing him to consecutive prison terms. Appellant also claims ineffective assistance of counsel during the plea process. After reviewing the facts of the case and pertinent law, we affirm the conviction and modify the sentence to vacate post-release control.
 I. {¶ 2} In January 2003, a sexual abuse investigator and a sergeant of the Belmont County Sheriff's Department interviewed appellant per the request of the Cuyahoga County Department of Children and Family Services. The investigator's report, dated January 21, 2003, states that appellant admitted to sexually oriented offenses involving his five-year-old half sister. On April 15, 2003, appellant was indicted for four counts of rape of a child under the age of 13 in violation of R.C. 2907.02 and four counts of kidnapping in violation of R.C. 2905.01. The alleged offenses occurred from 1992 through 1996.[1] On July 24, 2003, appellant pled guilty to two counts of rape of a child under 13 years of age. On August 5, 2003, appellant filed a motion to withdraw guilty plea. The trial court conducted a hearing and denied this motion on September 16, 2003. That same day, the court sentenced appellant to two consecutive prison terms of seven to 25 years.
 II. {¶ 3} In his first and second assignments of error, appellant argues that he "was denied due process when the trial court failed to freely allow him to withdraw a pre-sentence guilty plea that was based on a claim that he was innocent of the charges in the indictment. The trial court violated Crim.R. 11's requirement of substantial compliance when it accepted appellant's guilty plea which [sic] not knowingly, intelligently and voluntarily given within the meaning of due process." For ease of review, we will first address the court's accepting appellant's guilty plea.
 {¶ 4} The standard for appellate courts reviewing whether a criminal defendant voluntarily entered a guilty plea is strict compliance for constitutional rights and substantial compliance for non-constitutional rights. See State v. Scruggs, Cuyahoga App. No. 83863, 2004-Ohio-3732. Pursuant to Crim.R. 11(C)(2), the court shall not accept a guilty plea without addressing the defendant and:
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 5} In the instant case, appellant argues the following: "he was induced, intimidated and/or coerced into pleading guilty. * * * [H]e was confused about the * * * sentence and * * * post-release control term. * * * [H]e also claims he misunderstood the nature of the charges he was actually pleading to, that he was not informed of the maximum penalty * * * and that he was innocent of committing a rape offense."[2]
Appellant offers no specific evidence to support his arguments. After reviewing the transcript from the plea hearing, we find that the court complied with Crim.R. 11, and appellant's plea was knowingly, intelligently and voluntarily made.
 {¶ 6} The court informed the appellant that he was pleading to two counts of rape of an individual under the age of 13 years in violation of R.C. 2907.02, which is an aggravated felony of the first degree punishable by an indefinite term of imprisonment from five to ten to 25 years. The court went on to say, "What that means is 5, 6, 7, 8, 9 or 10 to 25 years. Do you understand?"[3] Appellant replied, "Yes." The court then asked appellant whether he was satisfied with his counsel, whether he was making this plea voluntarily, whether he understood that he was waiving his rights to a jury trial and to call and cross-examine witnesses, whether he understood that the state had to prove its case by evidence beyond a reasonable doubt, and whether he understood that he could not be compelled to testify. Appellant answered affirmatively to all questions. The court explained that appellant would be sentenced and that a hearing would be held on labeling him a sexual offender. The court then explained the levels and obligations of each label. The court asked appellant, "Do you understand the charge of rape?" Appellant replied, "Yes, I understand." Finally, the court asked, "Do you understand the potential penalties you face as I've gone over them with you?" Again, appellant replied, "Yes." Accordingly, we find appellant's plea was entered knowingly and voluntarily, and his first assignment of error is overruled.
 {¶ 7} Approximately two weeks after pleading guilty, appellant filed a presentence motion to withdraw his guilty plea. Crim.R. 32.1 governs motions to withdraw guilty pleas, and the pertinent part of that statute reads, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * *." According to the Supreme Court of Ohio in Statev. Xie (1992), 62 Ohio St.3d 521, 527, "a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." We review presentence motions to withdraw guilty pleas for an abuse of discretion. Id. In ruling on a presentence motion to withdraw a guilty plea, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 8} In the instant case, the court held a hearing on appellant's motion to withdraw his plea on September 16, 2003. After taking into consideration appellant's motion, the court heard testimony from appellant, who both admitted his guilt and claimed he was innocent in the same breath, and heard testimony from the state. The court then engaged in a colloquy with appellant regarding his plea hearing, wherein appellant stated that he did not understand what happened at that hearing. The court asked what specifically appellant did not understand, and appellant replied that he could not remember. The court then meticulously reiterated the questions posed to appellant at his plea hearing to determine whether he understood them at the time. To each question, appellant once again answered that he understood, and the court found that appellant's plea was made voluntarily, knowingly and intelligently. Appellant also noted on the record that one of the reasons he pled guilty was to spare his sister going through a trial. Accordingly, we find no abuse of discretion in the trial court's denial of appellant's motion to withdraw his guilty plea, and appellant's second assignment of error is overruled.
 III. {¶ 9} In his third assignment of error, appellant argues that he "was entitled to withdraw his presentence guilty plea when a colorable claim of ineffective assistance of counsel was established as the basis for entering the plea."
 {¶ 10} In order to substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668; State v. Brooks (1986), 25 Ohio St.3d 144. In Statev. Bradley, the Supreme Court of Ohio truncated this standard, holding that reviewing courts need not examine counsel's performance if appellant fails to prove the second prong of prejudicial effect. State v. Bradley (1989), 42 Ohio St.3d 136. "The object of an ineffectiveness claim is not to grade counsel's performance." Id. at 142.
 {¶ 11} In the instant case, appellant argues that his lawyer was ineffective in the following ways:[4] 1) breaking attorney-client confidentiality by telling appellant's stepfather about potential plea negotiations; 2) refusing to take appellant's calls after the plea hearing; 3) attempting to convince appellant to plead despite appellant's claim of innocence; 4) advising appellant to waive his right to challenge the statements appellant made to the investigator and to the sheriff's office; and 5) telling appellant that a three-year ceiling on his sentence was being negotiated, then never following up on this.
 {¶ 12} On June 9, 2003, appellant filed a motion to suppress the statements he made to the investigator and to the sheriff's office; therefore, the fourth item has no merit. Furthermore, a close review of the record shows that appellant erroneously believed he was innocent of the crime of rape because, despite counsel's and the court's numerous explanations to him, appellant did not think oral sex fell within the statutory definition of rape. In fact, appellant admitted to "molesting" his younger sister but insisted that this did not amount to rape. Given this, appellant's claim of "innocence" is misguided, and his third item has no merit. The second item, that counsel did not return phone calls after appellant pled guilty, fails the second prong of theStrickland test. The alleged failure to return phone calls occurred after appellant's decision to plead guilty; therefore, the failure could not have had a prejudicial effect on his decision.
 {¶ 13} Appellant's first and fifth items can be read together, in that appellant accuses counsel of negotiating a sentence which appellant did not receive. There is no support in the record that counsel told appellant he was negotiating a three-year cap on his sentence in order to coerce him into pleading guilty. See State v. Cardona (Aug. 7, 2001), Cuyahoga App. No. 75556. The court clearly explained to appellant at least twice the maximum sentence he could receive by pleading guilty. See City of Westlake v. Barringer (Dec. 24, 1998), Cuyahoga App. No. 73774 (holding that a "defendant cannot succeed on a motion to withdraw a plea based on erroneous advice when defendant states that no promises were made in exchange for the plea and when the possibility of jail is explained). Appellant failed to prove ineffective assistance of counsel, and his third assignment of error should be overruled.
 IV. {¶ 14} In his fourth and final assignment of error, appellant argues that "[t]he trial court erred when it sentenced appellant to consecutive terms of imprisonment without the requirements of R.C. 2929.14(E)(4)." In the instant case, appellant was sentenced according to pre-S.B. 2 law because the crimes he was charged with occurred before July 1, 1996. Therefore, R.C. 2929.14(E)(4) does not apply to his sentence. See State v. Rush (1998),83 Ohio St.3d 53, 58.
 {¶ 15} The pre-S.B. 2 version of R.C. 2929.41(B)(1) was in effect at the time the offenses in question occurred, and it required that prison sentences be served consecutively when the trial court specifies so. See State v. Thomas, Cuyahoga App. No. 78687, 2001-Ohio-4061. In the instant case, the court stated the following: "[T]he Court sentences you to 7 to 25 years at the Lorain Correctional Institution and each — on each case, each sentence to be served consecutively."[5] The trial court complied with the statutory requirements, and appellant's final assignment of error is without merit.
 V. {¶ 16} This court may raise plain errors at the trial level sua sponte. State v. Sneed (1992), 63 Ohio St.3d 3, 10. In the instant case, the court's September 23, 2003 journal entry memorializing appellant's sentencing states that "post release control is part of this prison sentence." Post-release control does not apply to pre-S.B. 2 sentences for crimes committed on or before July 1, 1996. Accordingly, we vacate the court's post-release control portion of appellant's sentence. The remainder of appellant's sentence is affirmed.
Judgment affirmed and sentence modified to vacate post-release control.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Karpinski, J., concur.
[1] The indictment lists the date of the offenses as October 23, 1992 through October 23, 1996. Per stipulation, this was amended to October 23, 1992 through June 30, 1996; thus, appellant would be sentenced entirely under pre-S.B. 2 law.
[2] Appellant's brief at 13.
[3] Excerpts from the plea hearing taken from the transcript, pp. 5-11.
[4] All five listed arguments are not found within appellant's third assigned error; however, we culled them from a careful reading of his entire brief. We note that pursuant to App.R. 12(A) and 16(A), we are directed to review what an appellant sets forth within an assignment of error. Nevertheless, we addressed all of appellant's assertions of ineffective assistance of counsel.
[5] Tr. at 45.