OPINION
{¶ 1} Appellant Mark Ferrell appeals from the denial of his post-conviction motion to dismiss indictment in the Stark County Court of Common Pleas. The appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.
 {¶ 2} In 1996, appellant was convicted on three counts of rape with force specifications, three counts of felonious sexual penetration with force specifications, and four counts of gross sexual imposition. The victims were his two step-children, both under the age of thirteen at the time of the offenses. Appellant was sentenced to six mandatory life sentences and four one year sentences. The trial court ordered the sentences to be served consecutively. On direct appeal, this Court affirmed the convictions and sentences. See State v. Ferrell (March 9, 1998), Stark App. No. 1997-CA-00005.
 {¶ 3} In May 1998, appellant filed a petition for post-conviction relief, which the trial court dismissed without a hearing. See Statev. Ferrell (August 21, 1998), Stark County Common Pleas No. 1998-MI-000045. Appellant did not appeal this judgment.
 {¶ 4} In May 2002, appellant filed a motion for a new trial, pursuant to R.C. 2945.79(B) and R.C. 2945.80. The trial court overruled the motion for new trial, and this Court affirmed on delayed appeal. See State v. Ferrell, Stark App. No. 2002CA00272, 2003-Ohio-3134.
 {¶ 5} Appellant filed a second petition for post-conviction relief on August 15, 2002. The trial court also dismissed this petition, and appellant filed an appeal therefrom. On June 16, 2003, this Court affirmed the dismissal. See State v. Ferrell, Stark App. No. 2002CA00423, 2003-Ohio-3137.
 {¶ 6} On March 31, 2006, appellant filed a motion to dismiss his 1996 indictment. On July 21, 2006, the trial court overruled appellant's motion and request for hearing. On August 15, 2006, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 7} "I. TRIAL COURT ERROR (SIC) WHEN THE COURT OBTAIN (SIC) EXCLUSIVE JURISDICTION OVER AN DEFECTED (SIC) CRIMINAL INDICTMENT UNDER CASE NO. 1996-CR-0627(A) THAT IS IN CLEAR VIOLATION OF THE DEFENDANT (SIC) UNITED STATES CONSTITUTIONAL RIGHTS[,] AMENDMENTS 5, 6, 14."
 I. {¶ 8} In his sole Assignment of Error, appellant contends the trial court erred in denying his claim that his 1996 indictment was defective. We disagree.
 {¶ 9} Appellant herein makes no effort to provide legal authority for seeking dismissal of an indictment, via a motion in the trial court, nearly ten years after conviction. The Ohio Supreme Court has recognized that the failure to object to an indictment at trial constitutes waiver of the issue. See State v. Barton, 80 Ohio St.3d 402, 2006-Ohio-1324. Because appellant failed to raise this issue at trial or on direct appeal, we hold he would be barred from raising it at this stage in his "motion to dismiss indictment" under the doctrine of res judicata. Cf. State v. Jennings (Nov. 5, 2001), Richland App. No. 01CA62, 2001-Ohio-1742. Furthermore, assuming appellant intended his motion to be formally treated as a successive post-conviction petition, we find appellant fails to demonstrate compliance with the requirements of R.C.2953.23(A)(1).
 {¶ 10} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
Wise, J., Hoffman, P. J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.