JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} The State of Ohio appeals from the order of the trial court that granted the petition for habeas corpus filed by Jefferson Gavin and determined that he was erroneously charged with escape because the Adult Parole Authority improperly subjected him to post-release control. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} The record reveals that in 1996, Gavin was charged in Case No. 339279 with felonious assault and other offenses. He pled guilty to felonious assault and the remaining charges were dismissed. Gavin was sentenced for this offense on October 25, 1996. In it's journal entry of the sentencing, the court ordered the following:
 {¶ 3} "Jefferson Gavin is sentenced to Lorain Correctional Institution for a term of three (3) years to fifteen (15) years and pay court costs. Court will consider shock probation. It is so ordered."
 {¶ 4} The entry contains no reference to post-release control.
 {¶ 5} Thereafter, on March 31, 2004, Gavin was indicted for escape in the instant matter. He filed a petition for habeas corpus. Gavin asserted that pursuant to Hernandez v. Kelly (2006), 108 Ohio St.3d 395,2006-Ohio-126, 844 N.E.2d 301, a writ should issue because the trial court's omission of post-release control from the sentencing journal entry precluded the Adult Parole Authority from imposing post-release *Page 4 
control and, in turn, precluded a sanction of escape for failing to report.[1] The State of Ohio asserted that the writ was procedurally defective and that Gavin's right to appeal a conviction for escape constituted an adequate remedy at law.
 {¶ 6} Following oral argument, the trial court granted the writ. The State advances three errors for our review.
 {¶ 7} Within its first assignment of error, the State argues that the underlying offense, which was the subject of Case No. 339297, was committed between March 31, 1996 and April 1, 1996, or prior to the effective date of Senate Bill 2. Therefore pursuant to State v.Rush, 83 Ohio St.3d 53, 1998-Ohio-423, 697 N.E.2d 634, Gavin was to be sentenced pursuant to the pre-Am. Sub. S.B. No. 2 law which did not provide for post-release control. The trial court which sentenced Gavin in Case No. 339297 was therefore not required to mention post-release control in the sentencing journal entry and post-release control was not yet in effect. The State further argues that Gavin was properly charged with the offense of escape as a parolee who failed to report.
 {¶ 8} We note that the State attempted to supplement the appellate record with the docket entries from Case No. 339297. Gavin has asked this court to strike those entries since they were not admitted into evidence below, and on November *Page 5 
21, 2007, this court granted Gavin's motion to strike.
 {¶ 9} We note, however, that analysis of the correctness of the sentence imposed in Case No. 339297 is subject to the requirements of Am. Sub. S.B. No. 2 if the crime at issue therein was committed on or after its effective date, i.e. July 1, 1996. See State v. Rush, supra, paragraph 2 of the syllabus which states:
 {¶ 10} "Because the General Assembly has expressly stated that the amended sentencing provisions of Am. Sub. S.B. No. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am. Sub. S.B. No. 2 apply only to those crimes committed on or after July 1, 1996."
 {¶ 11} Moreover, post-release control does not apply to pre-Am. Sub. S.B. No. 2 sentences for crimes committed on or before July 1, 1996 as post-release control did not exist prior to July 1, 1996. SeeState v. Bewley, Cuyahoga App. No. 84312, 2005-Ohio-4159; State v.Bailey (May 18, 1999), Franklin App. No. 97APA06-754; see, also, R.C.2967.28 (which went into effect on July 1, 1996). R.C. 2967.021 provides in pertinent part:
 {¶ 12} "(A) Chapter 2967 of the Revised Code, as it existed prior to July 1, 1996, applies to a person * * * upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed priorto July 1, 1996." (Emphasis added).
 {¶ 13} We further note that the analysis of correctness of the charge of escape *Page 6 
which is the focus of the instant matter, is informed by the Supreme Court's pronouncements in State v. Thompson, 102 Ohio St. 3d 287,2004-Ohio-2946, 809 N.E.2d 1134. In Thompson, the Court held that it is the date of the alleged escape and not the date of the original underlying offense which is to be considered in determining which version of the law regarding escape to apply. Id. at 290. The Court stated:
 {¶ 14} "The court of appeals looked to the underlying offense when it should have viewed Thompson's failure to report to his parole officer as a new criminal offense that occurred after March 17, 1998. Thus, Thompson is subject to the law regarding escape as it existed when he failed to report. Although not explicitly stated, this is the same conclusion we reached in Conyers, 87 Ohio St. 3d 246, 1999-Ohio-60,719 N.E.2d 535." Id. at 289.
 {¶ 15} In Thompson, supra, the Court further explained:
 {¶ 16} "Before October 4, 1996, R.C. 2921.01(E) defined `detention' to include `supervision by an employee of the department of rehabilitation and correction of a person on any type of release * * * other than release on parole.' (Emphasis added.) 146 Ohio Laws, Part IV, 7335. Thus, before October 4, 1996, parolees were not considered to be under `detention' for purposes of the escape statute."
 {¶ 17} "However, in 1998, the General Assembly amended R.C.2967.15(C)(2) to remove the exception for parolees. Thus theThomspon court held that: a parolee who fails to report to his parole officer after March 17, 1998, may be *Page 7 
prosecuted for escape under R.C. 2921.34, regardless of when his or her underlying crime was committed." Id. at 288.
 {¶ 18} Thus, for purposes of determining whether to issue a writ of habeas corpus, the trial court was required to evaluate the original sentence in Case No. 339297 with regard to the date of the underlying offense and was required to evaluate the instant charge of escape with regard to the date of the escape (or failure to report). Insofar as the trial court proceeded without determining these key dates, the writ was issued in error.
 {¶ 19} Gavin insists, however, that the writ was properly issued in light of the Supreme Court's decision in Hernandez v. Kelly, supra. TheHernandez Court clearly determined that the Adult Parole Authority lacked authority to impose post-release control on an offender, whose prison sentence was completed, who had not been advised by the trial court of statutorily required post-release control, Id. at 28. However, in Hernandez, the underlying offense occurred in 1998 or almost two years after the enactment of Am. Sub. S. B. 2. See Id. Accordingly, post-release control was required to be indicated in the sentencing journal entry.
 {¶ 20} In this matter, the trial court was not apprised of the date of the underlying offense of felonious assault, but the stricken supplemental documents would seem to indicate that this crime occurred before the enactment of Am. Sub. S. B. 2. Accordingly, absent this key information, we cannot accept the trial court's conclusion thatHernandez v. Kelly, supra is applicable herein and we reverse and *Page 8 
remand for further proceedings consistent with this opinion.
 {¶ 21} The State's first assignment of error is well-taken. The remaining assignments of error in which the State asserts that the writ was procedurally defective and that there is an adequate remedy at law are moot.
 {¶ 22} Reversed and remanded for further proceedings consistent with this opinion.
 {¶ 23} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and PATRICIA ANN BLACKMON, J., CONCUR.
[1] Although not relevant to the present case, we note that the General Assembly amended several Revised Code provisions concerning post-release control following announcement of the decision inHernandez v. Kelly, supra. See Am. Sub. H.B. No. 137. *Page 1