[Cite as *State v. Ruffin*, 2013-Ohio-1447.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98764

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM RUFFIN

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-496450

**BEFORE:** Keough, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 11, 2013

**APPELLANT**

William Ruffin
Inmate No. 552-035
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} In 2007, defendant-appellant, William Ruffin, was indicted in a three-count indictment. Count 1 charged him with drug possession in violation of R.C. 2925.11, a first-degree felony, with a major drug offender specification. Count 2 charged Ruffin with drug trafficking in violation of R.C. 2925.03, a first-degree felony, with a major drug offender specification, and Count 3 charged him with possession of criminal tools in violation of R.C. 2923.24, a fifth-degree felony.

{¶2} Ruffin pled not guilty to the charges and filed a motion to supress the evidence against him and to obtain the identity of the informant who contacted the police with information that led to his arrest. The trial court denied both motions. Ruffin then pled no contest to the indictment. He was convicted of all charges, and the trial court sentenced him to ten years incarceration on each of Counts 1 and 2 and one year on Count 3. The court ordered all terms to run concurrently, for an aggregate term of ten years.

{¶3} Ruffin appealed his convictions to this court, challenging only the trial court's denial of his motion to suppress. This court held that the the trial court properly denied the motion to suppress and affirmed Ruffin's convictions. *State v. Ruffin*, 8th Dist. No. 91289, 2009-Ohio-861.

{¶4} Ruffin subsequently filed a motion to withdraw his plea, which the trial court denied. This court dismissed Ruffin's appeal of that ruling.

{¶5} On July 18, 2012, Ruffin filed a motion for resentencing, which the trial court denied. Ruffin now appeals from that ruling.

{¶6} Ruffin argues on appeal that the trial court erred in denying his motion for resentencing. He contends that he is a first-time offender and should have been sentenced to the minimum sentence of three years instead of the maximum ten-year sentence he received, and that the trial court violated his Sixth Amendment right to a jury when sentencing him by engaging in improper fact-finding to determine his ten-year sentence, contrary to the holding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Ruffin's argument is without merit.

{¶7} Under the doctrine of res judicata,

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus.

{¶8} It is well settled that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221. Because Ruffin could have, but did not, raise any issue regarding sentencing in his direct appeal, the issue is now barred by res judicata.

{¶9} Moreover, Ruffin's motion must be construed as a petition for postconviction relief and, as such, is untimely. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her

sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, syllabus. In his motion, Ruffin argued that the trial court had violated his Sixth Amendment right to a jury trial by determining facts not proven to a jury nor admitted by him in order to sentence him to the maximum ten-year sentence.

{¶10} R.C. 2953.21(A)(20) provides that petitions for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Ruffin's petition was filed some five years after he was convicted and was obviously untimely.

{¶11} Furthermore, there was no error in sentencing. By pleading no contest, Ruffin admitted to the facts of the indictment, which charged in Count 1 that he possessed crack cocaine in an amount equal to or exceeding 100 grams. Under R.C. 2925.11(C)(4)(f), if the amount of drugs involved equals or exceeds 100 grams of cocaine, possession of cocaine is a felony of the first degree, the offender is automatically classified as a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a first-degree felony under R.C. 2929.14(A)(1). Accordingly, the trial court did not err in sentencing Ruffin to ten years incarceration on Count 1.

{¶12} The trial court properly denied Ruffin's motion for resentencing and the assignment of error is therefore overruled.

**{¶13}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR