[Cite as *State v. Ferrell*, 2013-Ohio-5521.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013CA00121 |
| MARK FERRELL | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Stark County
Court of Common Pleas, Case No. 1996-
CR-0627

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 16, 2013

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN D. FERRERO        MARK FERRELL  PRO SE
PROSECUTING ATTORNEY        No. A332-108
BY: RONALD MARK CALDWELL        Grafton Correctional Institution
110 Central Plaza South, Ste. 510        2500 South Avon-Beldon Road
Canton, OH  44702-1413

*Gwin, P.J.*

{¶1} Appellant Mark Ferrell appeals the May 31, 2013 judgment entry of the Stark County Court of Common Pleas overruling his "motion to correct void sentence." The appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On July 5, 1996, appellant was indicted on multiple sex offenses relating to his two step-children, both under the age of thirteen at the time of the offenses. The indictment provides that the offenses were committed as a continuous course of conduct between 1985 and 1988. In November of 1996, appellant was convicted of three counts of rape with force specifications, three counts of felonious sexual penetration with force specifications, and four counts of gross sexual imposition. Appellant was sentenced to six mandatory life sentences for the rape and felonious sexual penetration convictions. Appellant was also sentenced to four one-year prison terms for the gross sexual imposition convictions. The trial court ordered the sentences to be served consecutively. On direct appeal, this Court affirmed the convictions and sentences in *State v. Ferrell*, 5th Dist. Stark No. 1997CA00005, 1998 WL 401844 (March 9, 1998).

{¶3} The trial court denied appellant's first petition for post-conviction relief in May of 1998. In May of 2002, the trial court overruled appellant's motion for new trial. This Court affirmed the trial court's decision on delayed appeal in *State v. Ferrell*, 5th Dist. Stark No. 2002-CA-00272, 2003-Ohio-3134.

{¶4} The trial court denied appellant's second petition for post-conviction relief in 2002 and on June 16, 2003, this Court affirmed the dismissal. *State v. Ferrell*, 5th

Dist. Stark No. 2002CA00423, 2003-Ohio-3137. In 2006, the trial court denied appellant's motion to dismiss indictment. This Court affirmed the trial court in February of 2007. *State v. Ferrell*, 5th Dist. No. 2006CA00236, 2007-Ohio-491.

{¶5} On April 4, 2013, appellant filed a motion to correct sentence with the trial court, arguing that R.C. 2967.28 requires that he be sentenced to post-release control for his four convictions for gross sexual imposition and that the trial court failed to notify him of this post-release control. Appellee filed a response to appellant's motion on April 25, 2013, arguing since appellant committed the offenses between 1985 and 1988 prior to the enactment of the post-release control statute, no re-sentencing was required. The trial court issued a judgment on May 31, 2013, stating that "upon full review," the motion is denied.

{¶6} Appellant appeals the May 31, 2013 judgment entry of the Stark County Court of Common Pleas, assigning the following as error:

{¶7} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE THE DEFENDANT/APPELLANT A TERM OF POST RELEASE CONTROL IN COMPLIANCE OF R.C. 2967.28 WHEN HE WAS INDICTED AFTER THE AM. SUB. SB 2 ENACTED AND PUT INTO EFFECT THE STATUTE GOVERNING POST RELEASE CONTROL TO WIT JULY 1, 1996."

I.

{¶8} Appellant first asserts that because he was indicted and sentenced after the effective date of Senate Bill 2 on July 1, 1996, the trial court erred in failing to notify him of a mandatory term of post-release control on his sentences for each count of

gross sexual imposition. Thus, appellant contends his sentence is void and we should remand his case to the trial court for a de novo sentencing hearing. We disagree.

{¶9} Post-release control, in its current form, did not exist prior to the enactment of Senate Bill 2. *State v. Gimbrone*, 2nd Dist. Montgomery No. 23062, 2009-Ohio-6264; *State v. Gavin*, 8th Dist. Cuyahoga No. 90017, 2008-Ohio-2042. "Before S.B. 2, certain offenders * * * were subject to parole." *Gimbrone*, 2009-Ohio-6264. When the General Assembly enacted S.B. 2, effective July 1, 1996, they made significant changes to Ohio's criminal sentencing scheme. *Id; State v. Rossi,* 7th Dist. Mahoning No. 11-MA-32, 2012-Ohio-2433. S.B. 2 introduced post-release control in place of parole. *Id.* Post-release control notice requirements were incorporated into Ohio law with the enactment of S.B. 2. *State v. Bailey*, 10th Dist. Franklin No. 97APA06-754, 1999 WL 333231, (May 18, 1999).

{¶10} In *State v. Rush*, the Ohio Supreme Court made clear that the sentencing provisions of S.B. 2 only applied to crimes committed on or after July 1, 1996, the effective date of S.B. 2. 83 Ohio St.3d 53, 1998-Ohio-423, 697 N.E.2d 634. In the syllabus of *Rush*, the Ohio Supreme Court specifically stated that S.B. No. 2 "appl[ied] only to those crimes on or after July 1, 1996." *Id.* Under *Rush*, there is no distinction or exception for a defendant who was indicted, convicted, or sentenced after the July 1, 1996 effective date. *State v. Slider*, 11th Dist. Trumbull No. 97-T-0166, 1998 WL 964687 (Dec. 4, 1998). The plain language of *Rush* controls even when a defendant is indicted, convicted, or sentenced after S.B. 2 was enacted in July 1, 1996. *State v. Morris*, 143 Ohio App.3d 817, 759 N.E.2d 394 (10th Dist. 2001); *State v. Canfield,* 9th Dist. Medina No. 03CA0078-M, 2004-Ohio-2123.

{¶11} Further, R.C. 2967.021 provides that:

Chapter 2967. of the Revised Code [dealing with parole], as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.

{¶12} In this case, appellant's offenses were based upon a continuous course of conduct from 1985 to 1988, prior to the effective date of S.B. 2. Accordingly, the provisions of S.B. 2 do not apply to appellant's offenses and the trial court did not err in sentencing defendant pursuant to the law in existence before S.B. 2. Because appellant's offenses occurred between 1985-1988 and prior to the effective date of S.B. 2 of July 1, 1996, the *Rush* decision is applicable. Thus, appellant is not subject to the post-release control provisions of S.B. 2 and is therefore not entitled to any notification of post-release control. The trial court did not err in failing to notify him of a mandatory term of post-release control on his sentences for each count of gross sexual imposition.

{¶13} Appellant next contends that Senate Bill 2 applies in his case because the trial court did not specify which sentencing regime – pre-Senate Bill 2 or Senate Bill 2 – it applied in sentencing appellant. We disagree.

{¶14} Appellant fails to cite any legal authority for this proposition as required by Appellate Rule 16(A). Further, "a silent record raises the presumption the trial court correctly considered the appropriate sentencing criteria." *State v. Kandel*, 5th Dist. Ashland No. 04COA011, 2004-Ohio-6987, citing *State v. Adams*, 37 Ohio St.3d 295,

525 N.E.2d 1361 (1988). As discussed above, the proper sentencing law to be applied is the pre-Senate Bill 2 sentencing regime and the record demonstrates the trial court sentenced appellant in accordance with pre-Senate Bill 2 sentencing provisions.

{¶15} Finally, appellant briefly mentions in his argument that the trial court incorrectly sentenced him to consecutive sentences and/or to an incorrect sentence length. Appellant again fails to cite any legal authority for this proposition and thus is not in compliance with Appellate Rule 16(A). Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Appellant either raised or could have raised arguments regarding the appropriateness of consecutive sentences or the length of his sentences for the gross sexual imposition convictions during his direct appeal. Accordingly, any such argument is barred under the doctrine of res judicata.

**{¶16}** Based on the foregoing, appellant's assignment of error is overruled and the May 31, 2013 judgment entry overruling appellant's "motion to correct void sentence" is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

WSG:clw 1125

[Cite as *State v. Ferrell*, 2013-Ohio-5521.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
            Plaintiff-Appellee         :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
MARK FERRELL                           :
                                       :
                                       :
            Defendant-Appellant        :          CASE NO. 2013CA00121


For the reasons stated in our accompanying Memorandum-Opinion, the May 31, 2013 judgment entry overruling appellant's "motion to correct void sentence" is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER