[Cite as *State v. Qunnie*, 2014-Ohio-1435.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
### No. 100317

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALONZO QUNNIE

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-96-345622

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 3, 2014

[Cite as *State v. Qunnie*, **2014-Ohio-1435**.]
**FOR APPELLANT**

Alonzo Qunnie, pro se
Inmate No. 340-014
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, OH 44430


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Daniel T. Van
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Alonzo Qunnie, pro se, appeals the trial court's denial of his "motion for de novo sentencing." For the following reasons, we affirm.

### Procedural History

{¶2} This case stems from events that occurred on May 30, 1996.[1] For his participation in those events, Qunnie was convicted in April 1997 of aggravated murder in Count 1, aggravated burglary in Count 2, and aggravated robbery in Count 3, with each count including firearm specifications. The trial court sentenced Qunnie in Count 1 to life without parole for 20 years and three years on the gun specification, to be served consecutively. Qunnie was sentenced to 7 to 25 years in Counts 2 and 3, to run concurrently with each other and consecutive to Count 1.

{¶3} On May 23, 1997, Qunnie appealed his conviction, alleging insufficiency of the evidence. On appeal, this court affirmed Qunnie's conviction, finding that Qunnie was a full participant in the charged crimes and the evidence was sufficient to establish that he formed the requisite criminal intent when he discussed the crimes with his co-conspirators and he made two overt acts toward the commission of those crimes. *See State v.*

---

[1] For a detailed recitation of the substantive facts of this case, consult this court's opinion in *State v. Qunnie*, 8th Dist. Cuyahoga No. 72580, 1998 Ohio App. LEXIS 3158 (July 9, 1998).

*Qunnie*, 8th Dist. Cuyahoga No. 72580, 1998 Ohio App. LEXIS 3158 (July 9, 1998). Qunnie appealed to the Ohio Supreme Court, which was subsequently dismissed. Thereafter, Qunnie filed an application for reopening, which this court denied.

**{¶4}** On August 5, 2013, Qunnie filed a "motion for de novo sentencing" with the trial court, which was denied. He now appeals the denial of this motion, presenting five assignments of error for our review.[2]

## Assignments of Error

I. Whether the trial court violated procedural due process and abused its discretion by denying defendant-appellant's properly pled and substantive[] motion for de novo sentencing pursuant to *State v. Billiter*, 134 Ohio St.3d 103.

II. Whether the trial court violated procedural due process and abused its discretion by denying defendant-appellant's properly pled and substantive[] motion for de novo sentencing pursuant to *State v. Jordan*, 104 Ohio St.3d 21, as the court failed to strictly comply with the relevant statutes by not making such findings on the record at the sentencing hearing.

III. Whether the trial court violated procedural due process and abused its discretion by denying defendant-appellant's properly pled and substantive[] motion for de novo sentencing, as the court failed to impose jail time credit in the journal entry as required by *Corder v. Wilson*, 68 Ohio App.3d at 573.

---

[2]We note that in his reply brief, Qunnie responds with three additional assignments of error. Upon review of the supplemental assignments, we find them to be duplicative of Qunnie's initial assignments (Nos. 6, 7, and 8 are identical to Nos. 1, 3, and 5, respectively) and, therefore, we consider the supplemental assignments of error under our analysis of assignments of error I through V as outlined in this opinion.

IV.  Whether the trial court violated procedural due process and abused its discretion by denying defendant-appellant's properly pled and substantive[] motion for de novo sentencing, as the trial court improperly imposed a mandatory three year prison term for a violation of R.C. 2941.141.

V.  Whether the trial court violated procedural due process and abused its discretion by denying defendant-appellant's properly pled and substantive[] motion for de novo sentencing, as the trial court failed to impose a sentence for two of the firearm specifications in violation of *State v. Baker*, 119 Ohio St.3d 197.

## Postrelease Control

{¶5} In his first assignment of error, Qunnie argues that his sentence is void because he was not properly notified of postrelease control at his sentencing hearing.   Consequently, he claims that this court should remand his case to the trial court for a de novo sentencing hearing.   In support of his argument, Qunnie relies on case law analyzed under the amended sentencing provisions of Am.Sub.S.B. No. 2.

{¶6} We note, however, that the amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes that were committed on or after July 1, 1996.  *State v. Rush*, 83 Ohio St.3d 53, 697 N.E.2d 634 (1998), paragraph two of the syllabus.   Moreover, "postrelease control does not apply to pre-Am.Sub.S.B. No. 2 sentences for crimes committed on or before July 1, 1996, as post-release control did not exist prior to July 1, 1996."  *State v. Gavin*, 8th Dist. Cuyahoga No. 90017, 2008-Ohio-2042, ¶ 11; *see also State v. Bewley*, 8th Dist. Cuyahoga No. 84312, 2005-Ohio-4159.

{¶7} Postrelease control notice requirements were incorporated into law in Ohio with the enactment of Am.Sub.S.B. No. 2. *State v. Ferrell*, 5th Dist. Stark No. 2013CA00121, 2013-Ohio-5521, ¶ 9; *State v. Bailey*, 10th Dist. Franklin No. 97APA06-754, 1999 Ohio App. LEXIS 2333 (May 18, 1999). Prior to postrelease control, certain offenders were subject to parole. *Ferrell*, citing *State v. Gimbrone*, 2d Dist. Montgomery No. 23062, 2009-Ohio-6264. And S.B. 2 introduced postrelease control in place of parole. *Id.*

{¶8} Here, Qunnie's crimes occurred on May 30, 1996. Because the crimes occurred before the effective date of S.B. 2 of July 1, 1996, Qunnie is not subject to the postrelease control provisions of S.B. 2 and is therefore not entitled to any notification of postrelease control. As such, the trial court did not err in failing to notify him of any postrelease control on his sentences for aggravated murder, aggravated burglary, and aggravated robbery.

{¶9} Qunnie's first assignment of error is overruled.

## Statutorily Mandated Findings

{¶10} In his second assignment of error, Qunnie claims that the trial court failed to make the statutorily mandated findings upon imposition of his sentence in accordance with R.C. 2929.11, 2929.12, 2929.13, 2929.14, and 2929.19. Once again, Qunnie relies on case law analyzed under the amended sentencing provisions of Am.Sub.S.B. No. 2. We find this claim is barred by res judicata.

{¶11} Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259, ¶ 8, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Therefore, any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶12} Here, Qunnie had an opportunity to raise the issue with respect to the trial court's findings in his direct appeal in 1997, but he did not. Rather, he waited more than 15 years to challenge his sentence in this court. The doctrine of res judicata therefore prohibits our review. *See State v. Petitto*, 8th Dist. Cuyahoga No. 99893, 2013-Ohio-5435.

{¶13} Moreover, R.C. 2929.14 and 2929.29 were originally enacted as part of Am.Sub.S.B. No. 2, effective July 1, 1996. *See Goudlock v. State*, 8th Dist. Cuyahoga No. 84135, 2004-Ohio-2352; *State v. Stevens*, 12th Dist. Butler No. CA2010-08-211, 2011-Ohio-2595. As we previously stated, the amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those

crimes that were committed on or after July 1, 1996. *Rush*, 83 Ohio St.3d 53, 697 N.E.2d 634. Because Qunnie's crimes occurred prior to the effective date of S.B. 2, R.C. 2929.14 and 2929.29, and any statutorily mandated findings associated therewith, do not apply to Qunnie's sentence.

{¶14} Qunnie's second assignment of error is overruled.

**Jail-Time Credit, Mandatory Prison Term, and Sentencing Entry**

{¶15} We address Qunnie's final three assignments of error together, finding that they are all barred by the doctrine of res judicata.

{¶16} In his third assignment of error, Qunnie contends that the trial court failed to impose jail-time credit. Qunnie did not raise this issue in his direct appeal in 1997. His claim is therefore barred by res judicata. *Perry*, 10 Ohio St.2d at 180, 226 N.E.2d 104; *see also State v. Fitzgerald*, 8th Dist. Cuyahoga No. 98723, 2013-Ohio-1893, ¶ 3 (applying res judicata to bar the assertion of jail-time-credit claim in postconviction proceedings).

{¶17} In his fourth assignment of error, Qunnie claims that the trial court improperly imposed a mandatory prison term for his conviction of a firearm specification. This claim addresses Qunnie's sentence and therefore could have been raised in his direct appeal. Because Qunnie did not timely appeal any aspect of his sentence, this claim is barred by res judicata. *See State v. Ruffin*, 8th Dist. Cuyahoga No. 98764, 2013-Ohio-1447.

{¶18} Finally, in his fifth assignment of error, Qunnie challenges the sentencing entry, claiming that the trial court "failed to impose a sentence for two of the firearm specifications." Qunnie appears to argue that the journal entry improperly set forth his sentence for firearm specifications, where he was convicted of three firearm specifications, yet only one sentence is noted on the sentencing entry. The entry provides that Qunnie is sentenced to "LIFE without Parole for 20 years and 3 years Gun Specifications consecutive on count 1 (23 years to LIFE) on count 1 and 7 years to 25 years on counts 2 and 3 to run concurrent but consecutive with count 1."

{¶19} This journal entry existed at the time of Qunnie's direct appeal in 1997 in which he challenged the sufficiency of the evidence. Because Qunnie could have raised this issue regarding the sentencing entry in his direct appeal, but he did not, his claim is now barred by res judicata. *State v. Brooks*, 8th Dist. Cuyahoga No. 98380, 2012-Ohio-5292, ¶ 8; *State v. Morris*, 11th Dist. Trumbull No. 2013-T-0019, 2013-Ohio-5485, ¶ 22.

{¶20} Qunnie's third, fourth, and fifth assignments of error are overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

[Cite as *State v. Qunnie*, 2014-Ohio-1435.]