[Cite as *State v. Saag*, 2018-Ohio-1353.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-10-053 |
| | : | O P I N I O N |
| - vs - | | 4/9/2018 |
| | : | |
| JEFFREY N. SAAG, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2001 CR 0029

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Jeffrey N. Saag, #A425718, Chillicothe Correctional Institution, 15802 State Route 104 North, Chillicothe, Ohio 45601, defendant-appellant, pro se

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Jeffrey N. Saag, appeals from a decision of the Clermont County Court of Common Pleas denying his motion to set aside judgment. For the reasons set forth below, we affirm the decision of the trial court.

{¶ 2} In January 2001, appellant was indicted on six counts of rape in violation of R.C. 2907.02(A)(1)(b) and six counts of gross sexual imposition in violation of R.C.

2907.05(A)(4). The offenses were alleged to have occurred in 1992, when the victim was 12 years old. Appellant pled guilty to two counts of rape in January 2002, and the remaining charges were dismissed. In March 2002, the trial court sentenced appellant to two prison terms of five to 25 years, to be served consecutively for an aggregate prison term of ten to 50 years. In imposing appellant's sentence, the trial court applied the sentencing laws as they existed before Senate Bill 2 (S.B. 2) was enacted.

{¶ 3} Appellant did not directly appeal his conviction or sentence. In September 2003, he filed a petition for postconviction relief, asking the trial court to vacate or set aside his judgment of conviction and sentence. The trial court denied the petition, and appellant appealed. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), and this court dismissed appellant's appeal after determining no appealable issues existed in *State v. Saag*, 12th Dist. Clermont No. CA2003-11-094, 2004-Ohio-3015.

{¶ 4} In July 2014, appellant filed a motion to correct his sentence, arguing the trial court applied the wrong sentencing guidelines to his case. Appellant's motion was overruled by the trial court and he appealed. We upheld the denial of his motion, concluding that appellant was not entitled to the benefit of the sentencing provisions of S.B. 2 as appellant's offenses were committed in 1992, and the Ohio Supreme Court had determined that the sentencing provisions of S.B. 2 applied only to those crimes committed on or after the bill's effective date of July 1, 1996. *State v. Saag*, 12th Dist. Clermont No. CA2014-08-057 (May 4, 2015) (Accelerated Calendar Judgment Entry), citing *State v. Rush*, 83 Ohio St.3d 53, 58 (1998). Appellant appealed to the supreme court, but the court declined to exercise jurisdiction. *State v. Saag*, 143 Ohio St. 3d 1443, 2015-Ohio-3427.

{¶ 5} On May 12, 2017, appellant filed a motion to set aside judgment, arguing his sentence was void and contrary to law as the trial court did not properly impose postrelease control. He contended that "neither the plea hearing of January 22, 2002, the sentencing

hearing of March 11, 2002, nor the Judgment Entry in the case * * * contain the statutorily compliant notification" and that he needed to be resentenced to avoid separation-of-powers concerns. The state filed a memorandum in opposition, arguing that appellant was not subject to postrelease control as his "offenses were committed prior to July 1, 1996, the day Senate Bill 2 – the bill that created postrelease control – went into effect."

{¶ 6} On October 2, 2017, the trial court denied appellant's motion without a hearing. The court construed appellant's motion as a petition for postconviction relief and determined that appellant was not entitled to the relief he sought as "the provisions of S.B. 2 do not apply to the [appellant's] offenses and the court properly sentenced the [appellant] under the law in existence before S.B. 2. As such, the [appellant] is not subject to the postrelease control provisions of S.B. 2 and therefore is not entitled to any notification of postrelease control."

{¶ 7} Appellant appealed the denial of his motion to set aside judgment, raising the following assignment of error:

{¶ 8} THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN NOT COMPLYING WITH THE LEGISLATURE.

{¶ 9} In his sole assignment of error, appellant contends the trial court erred in denying his motion. He argues, for the first time on appeal, that his guilty plea should be vacated pursuant to Crim.R. 32.1 as the trial court failed to comply with the requirements of Crim.R. 11(C) by neglecting to inform him of postrelease control.

{¶ 10} Appellant's argument that his plea should be vacated pursuant to Crim.R. 32.1 is not properly before us. "It is well-established that a party cannot raise new issues or legal theories for the first time on appeal." *State v. Mehta*, 12th Dist. Butler Nos. CA2000-11-232 and CA2000-12-256, 2001 Ohio App. LEXIS 3896, * 8 (Sept. 4, 2001), citing *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975). *See also State v. Davis*, 12th Dist. Clinton No. CA2015-12-022, 2017-Ohio-495, ¶ 75. In his May 12, 2017 motion to set aside

judgment, appellant did not cite to Crim.R. 32.1 or seek withdrawal of his guilty plea on the basis that his plea was not knowingly, intelligently, or voluntarily entered due to the court's failure to comply with Crim.R. 11(C). Rather, appellant's motion sought to have his sentence declared void, and he sought to be resentenced so that the court could impose postrelease control and avoid any "separation-of-powers concerns." As such, it is this issue – which was raised and addressed by the court below – that we will consider on appeal.[1]

{¶ 11} Appellant's motion to set aside judgment was properly construed by the trial court as a petition for postconviction relief as it was filed subsequent to the time permitted for a direct appeal, claimed a denial of appellant's constitutional rights (i.e., violation of the separation-of-powers doctrine), sought to render the court's judgment void, and asked the court to set aside his sentence. *See State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). *See also State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12 (recognizing that a trial court may recast an irregular motion into whatever category necessary to identify and establish the criteria by which the motion should be judged). "A trial court properly denies a postconviction relief petition without holding a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8, citing *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980).

{¶ 12} In the present case, the trial court properly denied appellant's petition for postconviction relief without holding a hearing as, contrary to appellant's assertions, he is not

---

1. Appellant cites to *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, in support of his argument that his motion to set aside judgment should be analyzed pursuant to the standard set forth in Crim.R. 32.1. In *Bush*, the supreme court recognized that "[p]ostsentence motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently" and permit a defendant to seek relief from judgment under either standard. *Id.* at ¶ 14. However, in the present case, appellant did not move to withdraw his plea in accordance with Crim.R. 32.1. Rather, as discussed above, appellant filed a motion challenging his sentence, and the trial court properly construed the motion as a petition for postconviction relief.

subject to postrelease control sanctions. Postrelease control, in its current form, did not exist prior to the enactment of S.B. 2. *State v. Ferrell*, 5th Dist. Stark No. 2013CA00121, 2013-Ohio-5521, ¶ 9; *State v. Gimbrone*, 2d Dist. Montgomery No. 23062, 2009-Ohio-6264, ¶ 7. Prior to S.B. 2's enactment, certain offenders were subject to parole. *Ferrell* at ¶ 9. When S.B. 2 was enacted, the legislature made significant changes to Ohio's criminal sentencing scheme, including replacing parole with postrelease control. *Id.* Postrelease control notice requirements were, therefore, incorporated into Ohio law with the enactment of S.B. 2. *Id.*, citing *State v. Bailey*, 10th Dist. Franklin No. 97APA06-754, 1999 Ohio App. LEXIS 2333 (May 18, 1999).

{¶ 13} The Ohio Supreme Court expressly found that "the amended sentencing provisions of S.B. 2 are applicable only to those crimes committed on or after its effective date * * * [of] July 1, 1996." *Rush*, 83 Ohio St.3d at 58. Here, appellant pled guilty to two rape offenses that were based upon his conduct in 1992. As appellant's crimes were committed before the effective date of S.B. 2, the provisions of S.B. 2 do not apply. Appellant is not subject to postrelease control and was therefore not entitled to any notification regarding postrelease control. *See Ferrell*, 2013-Ohio-5521 at ¶ 12. As the trial court was not required to impose a term of postrelease control for appellant's rape offenses, appellant's sentence is not void and he is not entitled to a resentencing hearing for the imposition of postrelease control. The trial court, therefore, did not err in denying appellant's motion to set aside judgment.

{¶ 14} In reaching this determination, we note that appellant's written plea of guilty makes a general reference to postrelease control. The standard language used on the form advises that "a period of post release control under the supervision of the adult parole authority of:  5 years for a felony 1 or felony sex offense is required; 3 years for a felony 2 or felony 3 involving harm or threat of physical harm to a person; and up to 3 years for other

felonies." Although this language appears on the written plea form, the trial court did not impose postrelease control on appellant at sentencing nor mention postrelease control in its sentencing entry. As the trial court noted in its denial of appellant's motion, "[t]he notice of postrelease control in the written plea form does not confer on the defendant the right to receive postrelease control nor to receive notifications for postrelease control."

{¶ 15} For the foregoing reasons, we find no merit to appellant's arguments. Pursuant to *Rush*, the sentencing provisions of S.B. 2 are inapplicable to appellant and he is not subject to postrelease control. *See Rush*, 83 Ohio St.3d at 58. Appellant is not entitled to postconviction relief and the trial court did not err in denying his motion to set aside judgment. Appellant's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.