[Cite as *State v. Butner*, 2019-Ohio-2616.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 18CA118 |
| SCOTT BUTNER | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Richland County Court of
                              Common Pleas, Case No. 1992-CR-0002

JUDGMENT:                     Affirmed in Part, Vacated in Part, Final
                              Judgment Entered

DATE OF JUDGMENT ENTRY:       June 27, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               R. JOSHUA BROWN
Prosecuting Attorney                      32 Lutz Avenue
Richland County, Ohio                     Lexington, Ohio  44902

JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio  44902

*Hoffman, P.J.*

**{¶1}** Appellant Scott Butner appeals the judgment entered by the Richland County Common Pleas Court sentencing him to seven years incarceration and imposing a five year term of mandatory post-release control for violation of his probation. Appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** On February 14, 1992, Appellant entered a combination of pleas of guilty and no contest to five counts of rape (R.C. 2907.02) and five counts of gross sexual imposition (R.C. 2907.05). The remaining twenty-seven counts in the indictment against him were dismissed.

**{¶3}** Appellant was sentenced to a term of incarceration of eight to twenty-five years on each of the rape counts, with five years of mandatory incarceration on each count, to be served concurrently. He was sentenced to two years incarceration on each count of gross sexual imposition, to be served consecutively to each other and consecutively to the rape counts. The prison sentences on the gross sexual imposition counts were suspended and Appellant was placed on probation, to begin immediately upon his release from incarceration.

**{¶4}** After serving the time on the sentences for rape, Appellant was released from prison and placed on probation. A probation violation was filed against Appellant on August 20, 2018, and an addendum to the violation was filed August 30, 2018. Appellant admitted the allegations set forth in the request for revocation of his probation.

---

[1] A rendition of the facts is unnecessary to our disposition of this appeal.

**{¶5}** The trial court sentenced Appellant to an aggregate term of incarceration of seven years on the five convictions of gross sexual imposition for which his sentences had previously been suspended, and also imposed a five year mandatory term of post-release control.

**{¶6}** It is from the October 22, 2018, Community Control Violation Journal Entry Appellant prosecutes this appeal, assigning as error:

THE TRIAL COURT ERRED IN IMPOSING POST-RELEASE CONTROLS [SIC] UPON THE DEFENDANT.

**{¶7}** Appellant argues the trial court did not have authority to place him on post-release control, as post-release control did not exist when he committed the offenses of gross sexual imposition for which his probation was revoked and sentence imposed. The State concedes the error, citing this Court's decision in *State v. Ferrell,* 5th Dist. Stark No. 2013CA00121, 2013-Ohio-5521. *See also State v. Jackson,* 8th Dist. Cuyahoga No. 105228, 2017-Ohio-4191.

**{¶8}** The assignment of error is sustained.

{¶9}    The judgment of the Richland County Common Pleas Court is affirmed with

the exception of the imposition of five years mandatory post-release control.  Pursuant to

App. R. 12(B), we hereby enter final judgment vacating that portion of the sentence

imposing five years of post-release control on Appellant.

By: Hoffman, P.J.

Baldwin, J.  and

Wise, Earle, J. concur